UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>　　　　Plaintiff<br><br>vs.<br><br>BRADLEY MOSHER,<br>　　　　Defendant | 4:23-cv-4022<br><br>MEMORANDUM AND ORDER GRANTING MOTION TO AMEND COMPLAINT |

Pending before the Court is Plaintiff's motion to file an amended complaint. (Doc. 15). Defendant has responded in opposition, (Doc. 18), and Plaintiff has replied. (Doc. 20, 21). For the following reasons, the Court grants the motion.

**BACKGROUND**

This case arose in connection with allegations of fraud committed by Defendant Bradley Mosher, who was employed by Hankinson Renewable Energy. Hankinson procures corn to manufacture into ethanol and other products. (Doc. 1, ¶ 9). Hankinson alleged that Defendant breached the terms of his employment by offering excessive corn prices to producers David Stock Farm Services, Hardie Grain Farm, and Joshua Hardie. (Id., ¶ 19).

Plaintiff Great American Insurance Company (GAIC) is the insurer of Hankinson Renewable Energy, which is not a party to this lawsuit. Hankinson

1

sued GAIC in Minnesota state court after GAIC denied Hankinson's claim for $846,305.00. (Id., ¶ 30). The case settled for $384,000.00, with Plaintiff gaining subrogation rights resulting in this lawsuit against Mosher for the full amount it paid to Hankinson. Plaintiff has brought claims against Mosher for breach of fiduciary duty, fraud and deceit, common law indemnity, and breach of contract. (Id.).

Plaintiff's pending motion seeks leave to file an amended complaint to include as Defendants Hardie Grain Farm, Joshua Hardie, and David Stock Farm Services. (Doc. 15). The motion seeks leave to bring additional claims of unjust enrichment and civil conspiracy against Hardie Grain Farm, Joshua Hardie, and David Stock Farm Services, and to add Hardie Grain Farm and Joshua Hardie to the claim of fraud and deceit. (Id., PgID 53-54). The draft complaint attached to the motion includes Mosher and all proposed Defendants for the claims of civil conspiracy, common law indemnity, and unjust enrichment; Mosher, Hardie Grain Farm and Joshua Hardie as Defendants for the claim of fraud and deceit; and breach of fiduciary duty and breach of contract against Mosher alone. (Doc. 15-4). Plaintiff supports its motion by arguing that its claims of civil conspiracy and unjust enrichment are based upon newly discovered evidence and expert analysis. (Id., PgID 55).

Defendant Mosher resists the motion to amend the complaint. (Doc. 18). Defendant challenges the addition of multiple new parties based on Plaintiff's alleged recent discovery of evidence justifying the addition. (Id., PgID 105). Defendant argues Plaintiff was in possession of the evidence of possible claims against Hardie Grain Farm, Joshua Hardie, and David Stock Farm Services from the time it investigated and denied Hankinson's insurance claim, based on evidence of emails and other documentation concerning possible fraud involving Mosher. Defendant further argues that adding parties and claims is unduly prejudicial and will result in added costs and delays. Defendant specifically challenges the claim of civil conspiracy as lacking foundation in facts and law and being dissimilar to the other claims in the lawsuit. Defendant also asserts the proposed claims are time-barred. (Id., PgID 111-13).

## DISCUSSION

A party who moves to amend the pleadings prior to trial may amend with leave of court, and the court in exercising its discretion "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). See *Rivera v. Bank of America*, 993 F. 3d 1046, 1051 (8th Cir. 2021) (quoting standard); *Flandreau Santee Sioux Tribe v. United States*, 610 F.Supp.3d 1225, 1236 (D.S.D. 2022); *Roeman v. United States*, 2021 WL 2351684, *2 (D.S.D. 2021). Courts have permitted amendment based on evidence obtained during discovery or when the import of evidence was

3

made clear during discovery. See *Arkansas Labeling, Inc. v. Proctor*, 2021 WL 4037575, *3 (E.D. Ark. Sept. 3, 2021) (finding good cause for late amendment under Rule 16 based on evidence from deposition); *Southern Insurance Co. v. CJG Enterprises, Inc,*, 2017 WL 3453368, *3 (S.D. Iowa Mar. 29, 2017) (approving amendment where plaintiff had warranty deed but the implications were not clear until defense moved for summary judgment); *Stanczyk v. Prudential Insurance Co. of America*, 2017 WL 89571, *4 (N.D. Iowa Jan. 10, 2017) (approving amendment where evidence was not available until party deposed opponent); *Pick v. City of Remsen*, 298 F.R.D. 408, 412 (N.D. Iowa 2014) (finding good cause and permitting amendment based on evidence plaintiff could not have discovered for one claim; denying addition of other claims). Plaintiff has cited its obtaining evidence and expert analysis as rationales for the proposed amendment.

As the Eighth Circuit has advised, "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment....'" *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir 2000) (quoting *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir.1989) citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). See also *Bell v. Allstate Life Ins. Co.*, 160 F.2d 452, 454 (8th Cir.1998); *Yankton Sioux Tribe v. U.S. Army Corps of Engineers*, 497 F.Supp.2d 985, 987 (D.S.D. 2007). In the

4

case at bar, the most pertinent factors identified by Defendant as militating against permitting the amendment are undue delay, undue prejudice, and futility.

    A.  Undue Delay

Defendants argue that Plaintiff has delayed unduly in filing the motion to amend. The scheduling order in place permitted motions to amend pleadings until December 15, 2023. (Doc. 13). Plaintiff filed the motion on that date, thus complying with the scheduling order.

As the Eighth Circuit has stated, "Delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart*, 354 F.3d 835, 841 (8th Cir. 2004) (quoting *Bell,* 160 F.3d at 454). See also *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000); *Yankton Sioux Tribe*, 497 F.Supp.2d at 988. Such prejudice was shown in *Thompson-El*, where the motion to amend was filed two weeks before trial was to begin, and added claims, defendants, and damages, making it impossible to proceed without additional discovery and a minimum two-month trial delay. 876 F.2d at 68. See also *O'Keefe v. Charter Communications, LLC*, 2011 WL 2457658, *2 (E.D. Mo. June 16, 2011) (denying amendment where trial set for following month).

Absent prejudice or another factor warranting denial, the motion to amend should be granted. See, e.g., *First Liberty Insurance Corp. v. ExamWorks, LLC*,

5

2023 WL 2646983, *4 (D.S.D. Mar. 27, 2023) (approving amendment despite lengthy delay caused by discovery disputes); *Cmty. Voice Line, LLC v. Great Lakes Comm. Corp.* 295 F.R.D. 313, 319 (N.D. Iowa 2013) *aff'd* 2014 WL 272646 (N.D. Iowa. Jan. 23, 2014) (approving timely-filed amended complaint based on facts gleaned during discovery).

In the case at bar, there is no indication Plaintiff considered filing the motion earlier and purposely delayed to disadvantage Defendant in some way. *Cheval International v. Smartpak Equine, LLC*, 2017 WL 1025801, *4 (D.S.D. 2017) (denying untimely motion to amend). There is no evidence of bad faith or an effort to delay the proceedings.

Plaintiff's motion to amend was timely filed ten months after the lawsuit was filed. The Court discerns no undue delay that would warrant denial of the motion. Therefore, the Court declines to deny the motion to amend on the basis of undue delay.

B. Undue prejudice

Defendant argues that the motion to amend should be denied because the defense will be unduly prejudiced. Factors that can establish prejudice in the context of a motion to amend include "re-opening discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy." *Roemen*, 2021 WL 2351684, at *6 (quoting *Kozlov v. Assoc.*

*Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016)). On the other hand, if the proposed amendments are "substantially similar to those asserted in the original complaint," prejudice is "less likely" to exist. *First Liberty*, 2023 WL 2646983, at \*4 (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987)). Prejudice is unlikely to be found if a proposed claim is "based on facts already known or available to both sides." *Id.* (quoting *Popp Telcom*, 210 F.3d at 943). Amendment of the complaint based on facts obtained during discovery mitigates any resulting prejudice. *Cmty. Voice Line*, 295 F.R.D. at 320.

In this case, a trial date has not been set so postponement of trial is not in issue. Reopening discovery and altering trial tactics and strategy, however, are very much a concern. Deposing additional parties and exploring new theories of liability in discovery are the necessary results of granting GAIC's motion to amend because the parties and claims will be significantly expanded. An important consideration in this context is that Defendant could have anticipated the potential involvement of David Stock Farm Services, Hardie Grain Farm, and Joshua Hardie in this lawsuit. Likewise, the additional claim of unjust enrichment was foreseeable, although the civil conspiracy claim may not have been. Furthermore, Plaintiff asserts that it did not have the information available to support the additional claims and parties until it obtained an expert evaluation and engaged in discovery. (Doc. 15, 20, 21). Defendant disagrees with Plaintiff on the latter point

7

but for the purposes of the motion the Court accepts Plaintiff's averment. When balancing the factors that would establish undue prejudice, the Court finds it is a close question. Nevertheless, the amendments are permissible when the interests of justice are considered. It is preferable that all claims related to the alleged misconduct by Defendant Mosher be handled in one lawsuit rather than piecemeal. Therefore, the Court finds Defendant will not be unduly prejudiced by granting the motion to amend.

    C. Futility of amendment

        1. Civil conspiracy

The test for futility of an amendment is whether a claim offered by way of amendment can survive a motion under Fed. R. Civ. P.12(b)(6). *Flandreau Santee Sioux Tribe*, 610 F.Supp.3d at 1236. Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must assume all facts alleged in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp. 2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232 F.R.D. 335, 338 (D.S.D. 2005). Claims that are clearly frivolous warrant dismissal. *Gamma-10 Plastics, Inc. v. Am. President*

*Lines, Ltd.*, 32 F. 3d 1244, 1256 (8th Cir. 1994); *Free Conferencing Corp. v. Sancom, Inc.*, 2012 WL 13172937, *2 (D.S.D. May 11, 2012).

Civil conspiracy requires Plaintiff to establish that two or more persons combined to act in concert "to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damage." *Schmitt v. MeritCare Health Sys.*, 834 N.W.2d 627, 635 (N.D. 2013) (citing *Hurt v. Freeland*, 589 N.W.2d 551, 560 (N.D. 1999)). Defendant argues the proposed amendments would be futile because there is insufficient basis for the claim alleging civil conspiracy against Mosher, Hardie Grain Farm, Joshua Hardie, and David Stock Farm Services. (Doc. 18, PgID 109). Plaintiff responds that documents and expert testimony support its claim. (Doc. 20, PgID 149).

The Court declines to deny the motion to amend on the basis that Plaintiff cannot prove the civil conspiracy. Appropriate motions under Rule 12 can be filed based on the amended complaint and the Court will have the necessary additional information to enable it to resolve the questions raised. *Flandreau Santee Sioux Tribe,* 610 F.Supp.3d at 1236; *Cmty. Voice line*, 295 F.R.D. at 321.

2. Statute of Limitations

Defendant argues amending the complaint is futile because the statute of limitations has run. (Doc. 18, PgID 109). Plaintiff responds that the claims are

timely either because they relate back to the filing of the complaint or, in the alternative, because the amended claims were brought within the statute of limitations based on discovery of the alleged fraud. (Doc. 20, PgID 150-55).

A motion to amend a complaint to include a time-barred claim can be rejected if the bar is obvious. Thus, denial of a motion to amend where the court has previously dismissed the related claims because they were untimely is proper. *Fuller v. Atlantic Exploration*, 2021 WL 2431925, *2 (W.D. Ark. Jan. 22, 2021). Denial of a motion to amend is also appropriate if plaintiff has waived argument that amendment is futile based on the statute of limitations, and the face of the complaint establishes the claim is time-barred. *Bryant v. Wal-Mart Stores East, LP*, 2011 WL 528856, *2 (W.D. Mo. Feb. 22, 2022).

In the case at bar, the Court declines to find the statute of limitations bars the claims Plaintiff proposes to add. Appropriate motions under Rule 12 can be filed based on the amended complaint and the Court will have the necessary additional information to enable it to resolve the questions raised. *Flandreau Santee Sioux Tribe*, 610 F.Supp.3d at 1236; *Cmty. Voice line*, 295 F.R.D. at 321

D. Other considerations

The case before the Court is unlike cases where denial of the motion to amend has been deemed appropriate. Thus, Plaintiffs have not previously failed to cure any deficiencies, as none have been the subject of an order from this Court.

*Popp Telecom*, 210 F.3d at 983. Plaintiffs have not attempted to amend claims that have been dismissed. *Yankton Sioux Tribe*, 497 F.Supp.2d at 988. Plaintiffs have provided a rationale for the motion to amend and have provided a proposed complaint. *Rivera,* 993 F.3d at 1051 (citing *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006)). This is not a post-judgment effort to obtain relief from judgment. *Peterson v. The Travelers Indemnity Company*, 867 F.3d 992, 997 (8th Cir. 2017).

**CONCLUSION**

Plaintiff's motion to amend the complaint was filed ten months after the filing of the lawsuit and complied with the scheduling order. Plaintiff seeks to add three alleged participants in Defendant's alleged effort to defraud his employer by paying excessive amounts for corn. Plaintiff also seeks to add claims of unjust enrichment and civil conspiracy. Whether Plaintiff can prove the claims in the amended complaint remains to be determined. Additional plaintiffs are free to file appropriate motions pursuant to Rule 12. With respect to Plaintiff's motion, however, the Court does not perceive undue delay or futility with respect to the proposed filing. There is prejudice to the Defendant by expanding the parties and claims, but the prejudice is not undue. Therefore, the Court finds it is in the interest of justice and grants Plaintiff GAIC's motion to amend the complaint.

Accordingly, IT IS ORDERED that Plaintiff's motion to amend the

complaint, (Doc. 15), is granted.

Dated this 27th day of February, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____