UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br>          Plaintiff | 4:23-cv-4022 |
| vs. | MEMORANDUM AND<br>ORDER DENYING<br>MOTION TO DISMISS |
| BRADLEY MOSHER, HARDIE GRAIN FARM, INC., JOSHUA HARDIE, DAVID STOCK FARM SERVICES, Inc.<br>          Defendants | |

---

Pending before the Court is Defendant David Stock Farm Services, Inc.'s

(DSFS) motion to dismiss the Amended Complaint. (Doc. 33). DSFS challenges

the sufficiency of the complaint and alleges the claims are barred by the statute of

limitations. Plaintiff has responded, (Doc. 40), and Defendant DSFS has replied.

(Doc. 46). For the following reasons, the Court denies the motion.

**BACKGROUND**

This case arose in connection with allegations of fraud committed by

Defendant Bradley Mosher, who was employed by Hankinson Renewable Energy

(Hankinson). Hankinson procures corn to manufacture into ethanol and other

products. (Doc. 29). Hankinson alleged that Defendant Mosher breached the

1

terms of his employment by offering excessive corn prices to producers David Stock Farm Services, Inc., Hardie Grain Farm, Inc., and Joshua Hardie. (Id.).

Plaintiff Great American Insurance Company (GAIC) is the insurer of Hankinson Renewable Energy, which is not a party to this lawsuit. Hankinson sued GAIC in Minnesota state court after GAIC denied Hankinson's claim for $846,305.00. (Id.). The case settled for $384,000.00, with Plaintiff gaining subrogation rights. Plaintiff initially brought claims against Mosher for breach of fiduciary duty, fraud and deceit, common law indemnity, and breach of contract. (Id.). Subsequently, the Court granted Plaintiff's motion to amend its complaint to include as Defendants David Stock Farm Services, Inc. (DSFS), Hardie Grain Farm, Inc., and Joshua Hardie. (Doc. 24). The amended complaint alleges claims of civil conspiracy, unjust enrichment, and common law indemnity against all Defendants and additional claims against Hardie Grain Farm, Inc., and Joshua Hardie, but not DSFS. (Doc. 29). The instant motion concerns only the claims against DSFS.

At the threshold, the Court must determine what law applies in this case. The Parties appear to agree that Plaintiff Great American Insurance Company is a resident of Ohio; Defendant Mosher is a resident of South Dakota; Defendants Joshua Hardie and Hardie Grain Farm, Inc., are residents of North Dakota; DSFS is a resident of Minnesota; and some part of the alleged activity that is the subject

of this lawsuit occurred in North Dakota.  Plaintiff has asserted that North Dakota

law applies, (Doc. 40, PgID 270).  Defendant DSFS replies that whether North

Dakota, South Dakota, or Minnesota law applies, the respective statutes of

limitation bar the claims. (Doc. 46, PgID 305).  DSFS also agrees for the purposes

of the reply to the motion to dismiss that North Dakota law applies.  (Id., PgID

308).

**LEGAL STANDARD**

    *1.  Choice of Law*

    A federal court sitting in diversity applies the choice of law provisions of the

forum state. *Eagle Technology v. Expander Americas, Inc.*, 783 F.3d 1131, 1137

(8th Cir. 2015) (citing *Cicle v. Chase Bank*, 583 F. 3d 549, 553 (8th Cir. 2009)).  In

*Burhenn v. Dennis Supply Co.*, the South Dakota Supreme Court clarified that

"South Dakota employs the most significant relationship test when determining

choice of law questions."  685 N.W.2d 778, 784 (S.D. 2004) (citing *Rothluebbers*

*v. Obee*, 668 N.W.2d 313, 320-21 (S.D. 2003)).  See also *Bijaoui v. CA Department*

*of Social Services*, 2020 WL 1644080, *8 (D.S.D. April 1, 2020) (discussing

standard).  The *Burhenn* court set forth the factors a court must consider in

assessing what the most significant relationship is, including the place of injury

and where the injurious conduct occurred.  685 N.W.2d at 784 (quoting

Restatement (Second) of Conflict of Laws § 6).  Plaintiff alleges that any harm

occurred in North Dakota which is also the place the contracts were made. Absent

contrary evidence, North Dakota appears to have the most significant relationship

to the facts at issue and its law applies. Therefore, for the purposes of this motion,

the Court will apply North Dakota law.

   2.  *Motion to Dismiss*

Defendant DSFS has moved to dismiss Plaintiff's complaint under F.R.C.P.

12(b)(6), failure to state a claim upon which relief can be granted. (Doc. 33). The

standard governing dismissal pursuant to a motion to dismiss was set forth in

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550

U.S. 544, 570 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th

Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim

for relief and amounted to only a possibility that relief was warranted); *Faulk v. City*

*of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing

denial of motion to dismiss).

As the court considers a motion to dismiss, it must assume all facts alleged

in the complaint are true. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See

also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services*, 496 F. Supp.

2d 1044 (D.S.D. 2007); *Broin and Associates, Inc. v. Genencor Intern., Inc.*, 232

F.R.D. 335, 338 (D.S.D. 2005). The complaint is to be viewed in the light most favorable to the non-moving party. *Broin*, 232 F.R.D. at 338 (citing *Frey v. Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995)). Although the court should grant the motion to dismiss only in the "unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey,* 44 F.3d at 671. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether plaintiff is entitled to relief. *Drobnak v. Andersen Corp.*, 561 F.3d 778 (8th Cir. 2009).

When the court considers a motion to dismiss under Rule 12(b)(6), it examines the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Faloni and Associates, LLC v. Citibank N.A.,* 2020 WL 4698475, \*2 (D.S.D. Aug. 13, 2020) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012)). See 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004).

**ANALYSIS**

DSFS' motion to dismiss centers on two issues.  The first is a challenge to the adequacy of the amended complaint with respect to the claims of common law indemnity, unjust enrichment, and civil conspiracy against DSFS.  The second is the alleged bar of all claims by application of the statute of limitations. The Court will consider the arguments in turn.

*1.  Common law indemnity—Count Three*

The Supreme Court of North Dakota recently summarized the rules governing claims of common law indemnity in *Titan Machinery, Inc. v. Renewable Resources, LLC*, as follows:

> Indemnity is an equitable remedy which permits a party to recover reimbursement from another for the discharge of a liability that, as between the two parties, should have been discharged by the other. *Superior, Inc. v. Behlen Mfg. Co.*, 2007 ND 141, ¶ 11, 738 N.W.2d 19. …

950 N.W.2d 149, 152 (N.D. 2020).

The *Titan* court explained further that if there is no express contractual duty for indemnification, "indemnity nonetheless may be recovered if the evidence establishes an implied contract or if one party is exposed to liability by the action of another party who, in law or in equity, should make good the loss of the other." *Id.* at 153 (citing *Grinnell Mut. Reinsurance Co. v. Ctr. Mut. Ins. Co.*, 658 N.W.2d 363, 378 (N.D. 2003)).  As a result, the court affirmed the district court's

determination that indemnity was warranted when one company used another's equipment to its benefit.

Additional factors for the Court to assess are whether an adequate remedy at law exists, given that common law indemnity is an equitable remedy. *Superior*, 738 N.W.2d at 26. "Hard and fast rules" are inapplicable when gauging whether indemnity is available, and its application is resolved based on the facts of each case. *Id.* (citing *Mann v. Zabolotny*, 615 N.W.2d 526, 528 (N.D. 2000)).

In the case at bar, Plaintiff has alleged that Hankinson Renewable Energy purchased a contract of insurance which covered dishonest actions by the latter's employee, (Doc. 29, ¶ 18); that the employee entered into unjustifiably high-priced contracts with DSFS, (id., ¶ 28); that other questionable activity occurred between the employee and DSFS, (id., ¶¶32-34); and that Plaintiff was required to compensate the insured for its loss, (id., ¶¶ 38-45). Plaintiff further alleges the conduct of all Defendants was "fraudulent, deceitful, and wrongful," (id., ¶ 79), and that the conduct caused the loss by the insured which Plaintiff was required to compensate, (id., ¶¶ 78-83).

DSFS challenges the adequacy of the pleading as asserting only the implied duty of good faith and fair dealing. (Doc. 35, PgID 242-43). In DSFS' view this is inadequate to implicate the right of indemnification. DSFS also argues the

complaint lacks requisite specificity to connect DSFS to the alleged misconduct and is merely conclusory. (Doc. 46, PgID 306-07).

The Court has reviewed the submissions of the Parties with respect to the instant motion and finds Plaintiff has met the standards set forth in *Iqbal* and the additional Eighth Circuit precedents cited above. The amended complaint includes specific conduct which it asserts gives rise to common law indemnity. Therefore, the Court denies DSFS' motion to dismiss Count Three asserting Common law Indemnity against DSFS.

### 2. Unjust enrichment—Count Five

In numerous opinions, the North Dakota courts have set forth the rules necessary to analyze claims of unjust enrichment. See, e.g., *Twete v. Mullin*, 931 N.W.2d 198 (N.D. 2019); *McColl Farms, LLC v. Pflaum*, 837 N.W.2d 359 (N.D. 2013); *Ritter, Laber and Associates, Inc. v. Koch Oil, Inc.*, 680 N.W.2d 634 (N.D. 2004). See also, *Silver Fox Energy, LLC v. Buchanan*, 2023 WL 8435112, *4 (D.N.D. Aug. 29, 2023).

In *Twete*, the court explained that "unjust enrichment is a broad, equitable doctrine which rests upon quasi or constructive contracts implied by law to prevent a person from unjustly enriching himself at the expense of another." 931 N.W.2d at 207 (quoting *McColl*, 837 N.W.2d at 367) (cleaned up). The court continued by emphasizing that "to recover under a theory of unjust enrichment, the plaintiff

must prove: (1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and the impoverishment, (4) the absence of a justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law." *Id.* (quoting *Ritter,* 680 2d at 642) (cleaned up).  Invocation of unjust enrichment as a theory of recovery is appropriate "when a person has and retains money or benefits which in justice and equity belong to another." *Ritter*, 680 N.W.2d at 642 (quoting *Midland Diesel Serv. and Engine Co. v. Sivertson*, 307 N.W.2d 555, 557 (N.D. 1981)).  In essence this means an individual has received a benefit "that would be inequitable to retain without paying for its value." *Id.* (quoting *Zuger v. North Dakota Ins. Guar. Ass'n*, 494 N.W.2d 135, 138 (N.D. 1992)).

DSFS challenges Plaintiff's pleading of Count Five as insufficient in supplying information to counter DSFS' assertion that it merely furnished services to Hankinson for which it received payment.  (Doc. 35, PgID 243).  DSFS includes an affidavit to provide background information and explain why higher prices might have been appropriate payment for DSFS.  (Doc. 34).  It avers there is no evidence to show DSFS knew Hankinson's employee, Defendant Mosher, may have been engaged in wrongdoing.  (Id.).  Plaintiff counters that it has pleaded sufficient evidence to overcome the motion to dismiss in that it has shown DSFS received higher than average prices; Plaintiff suffered a loss when it paid its

insured; the loss was the result of fraud by others, including DSFS; DSFS was

improperly enriched; and Plaintiff lacks any other remedy at law should its other

claims against DSFS fail.  (Doc. 40, PgID 272-73).

The Court has reviewed the submissions of the Parties and finds that for the

purposes of this motion, Plaintiff has met the pleading requirements of *Iqbal* and

the precedents from the Eighth Circuit cited above.  The Court acknowledges

DSFS' suggestion that the Court convert the motion to dismiss into a motion for

summary judgment.  (Doc. 46, PgID 309).  The Court recognizes it has the

authority, but declines to do so at this stage of the proceedings.  The Court denies

the motion to dismiss as it pertains to the claim of unjust enrichment, Count Five.

   *3.  Civil conspiracy—Count Six*

The North Dakota Supreme Court has defined a civil conspiracy as "a

combination of two or more persons acting in concert to commit an unlawful act or

to commit a lawful act by unlawful means, the principal element of which is an

agreement between the parties to inflict a wrong against or injury upon another and

an overt act that results in damages."  *Schmitt v. MeritCare Health System,* 834

N.W.2d 627, 635 (N.D. 2013) (quoting *Hurt v. Freeland,* 589 N.W.2d 551, 560

(N.D. 1999)).  See also *Silver Fox,* 2023 WL 8435112, at *3. Furthermore, the

"underlying unlawful act must itself be tortious to maintain a claim for civil

conspiracy." *Jacam Chemical Company 2013, LLC v. Shepard,* 2023 WL 22139,

*8 (D.N.D. Jan. 3, 2023) (quoting *Burris Carpet Plus, Inc. v. Burris*, 785 N.W.2d 164, 179 (N.D. 2010)).

Plaintiff's theory to support this claim is that DSFS agreed with Hankinson's employee Mosher to commit fraud, breach of contract, breach of fiduciary duty, and unjust enrichment, resulting in a loss to Hankinson of $846,305.00. (Doc. 29, PgID 213, ¶¶ 105, 107). This, in turn allegedly resulted in a loss to Plaintiff of $384,000 because of its payment to its insured, whose rights Plaintiff was assigned. (Id., ¶¶ 108-09). DSFS argues that it was not unjustly enriched, that if there was unjust enrichment of anyone DSFS was unaware of it, and the statute of limitations bars the claim. (Doc. 35, PgID 245).

The Court has examined the submissions of the Parties and finds Plaintiff has adequately pleaded the claim of civil conspiracy by supplying sufficient allegations for each of the elements. Therefore, the Court denies DSFS' motion to dismiss Count Six with respect to DSFS.

### 4. Statute of limitations

The Parties have argued that this case is based upon an implied contract, (Doc. 35, PgID 246; Doc. 40, PgID 278). For the purposes of this motion, the Court applies the North Dakota statute of limitations and its provisions governing implied contracts. The statute provides as follows at N.D.C.C. § 28-01-16: "The following actions must be commenced within six years after the claim for relief has

accrued:  1. An action upon a contract, obligation, or liability, express or implied…." N.D. Cent. Code. § 28-01-06.

The North Dakota Supreme Court clarified in answer to a question from the Court of Appeals of the Eighth Circuit that "…a cause of action, or claim for relief does not accrue until the aggrieved party discovers the facts which constitute the basis for its cause of action or claim for relief…." *Hebron Public School Dist. No. 13 of Morton County v. U.S. Gypsum Co.*, 475 N.W.2d 120, 126 (N.D. 1991).  This is so even though as a general proposition the statute of limitations begins to run from the time of the commission of the wrongful act giving rise to the cause of action. *Larson v. Midland Hospital Supply, Inc.*, 891 N.W.2d 364, 369-70 (N.D. 2016).  As the court explained in *Wells v. First Am. Bank W.*, "the discovery rule postpones a claim's accrual until the plaintiff knew, or with the exercise of reasonable diligence should have known, of the wrongful act and its resulting injury." 598 N.W.2d 834, 837 (N.D. 1999).  An objective standard applies for the knowledge requirement, meaning "the focus is upon whether the plaintiff is aware of facts that would place a reasonable person on notice a potential claim exists, without regard to the plaintiff's subjective beliefs." *Id.* at 838.  Accord *Jones v. Barnett*, 619 N.W.2d 490, 492 (N.D. 2000).

The North Dakota Supreme Court has stated that "a statute of limitations defense is fact-driven" and therefore "not ordinarily susceptible of summary

disposition." *Rose v. United Equitable Ins. Co.,* 632 N.W.2d 429, 435 (N.D. 2001). In the case at bar, the Parties agree that in October 2017, Hankinson discovered unusually high-priced contracts and opened an investigation. DSFS claims the statute of limitations began to run on that date and therefore, service of the complaint in March 2024 was too late. (Doc. 35, PgID 246-47). Plaintiff counters that although Hankinson began its investigation in October 2017, it did not become aware of the allegedly fraudulent contracts until January 2018 at the earliest. Plaintiff argues further that with respect to DSFS, GAIC did not become aware of the implications of DSFS' involvement until consulting its expert report in December 2023. (Doc. 40-1).

The Court finds that the case at bar fits the description in *Rose* that resolution of the statute of limitations issue is fact-bound. Therefore, the issue will not be resolved by the motion to dismiss, thus enabling the Parties to develop the facts surrounding the discovery of the allegedly wrongful conduct giving rise to the cause of action. The Court denies the motion to dismiss based on the running of the statute of limitations.

## CONCLUSION

Plaintiff's amended complaint is sufficient to meet *Iqbal*'s requirement that the face of the complaint contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible.  Plaintiff has alleged sufficient facts pertaining to the claims of unjust enrichment, civil conspiracy and common law indemnity against DSFS such that the claims will survive the motion to dismiss.  Given the existence of factual questions, the Court declines to dismiss on the basis of the statute of limitations as well.

Accordingly, IT IS ORDERED that Defendant David Stock Farm Services, Inc.'s (DSFS) motion to dismiss, (Doc. 33), is denied.

Dated this _____ day of June, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK